**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 25-4148

_____

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

JECONIAH AMARIEE DAVIDSON,

> Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:24-cr-00068-MOC-SCR-1)

_____

Submitted:  August 28, 2025                              Decided:  September 3, 2025

_____

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Sandra Barrett, Hendersonville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeconiah Amariee Davidson pleaded guilty, without a plea agreement, to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Davidson to 52 months' imprisonment, in the middle of his advisory Sentencing Guidelines range. On appeal, Davidson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Davidson's sentence is reasonable. In particular, Davidson's counsel questions whether the district court correctly applied a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2023), because Davidson possessed a firearm in connection with another felony offense. For the reasons stated below, we affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In performing that review, we first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.*

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards

2

set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

We are satisfied that Davidson's sentence of imprisonment is procedurally reasonable. Insofar as Davidson challenges the district court's application of the four-level enhancement under USSG § 2K2.1(b)(6)(B), he waived that challenge by lodging an objection to the enhancement before the sentencing hearing and then withdrawing the objection at the sentencing hearing. *See United States v. Boyd*, 5 F.4th 550, 554 (4th Cir. 2021) (recognizing that "[a] party that raises an objection and then explicitly withdraws it waives that objection" and that "waived arguments are not reviewable at all"). We thus do not assess whether the application of that enhancement was correct. We further conclude that the district court's calculation of Davidson's Guidelines range was otherwise correct and that the court adequately considered the § 3553(a) factors, provided a meaningful explanation for the sentence that it chose, and sufficiently addressed Davidson's mitigation arguments. *See Gall*, 552 U.S. at 49-51.

We also conclude that nothing in the record rebuts the presumption of substantive reasonableness afforded to Davidson's 52-month sentence of imprisonment. *See Louthian*, 756 F.3d at 306. The district court thoroughly weighed the aggravating circumstances of Davidson's case—including that he discharged a firearm at a restaurant after threatening to kill people inside and later shot another person—against the mitigating factors that

3

Davidson identified and reasonably arrived at a 52-month sentence.  *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We thus affirm the district court's judgment. This court requires that counsel inform Davidson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Davidson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Davidson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4